UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**LEONARD E. BLACKBURN**               **CASE NO. 6:23-CV-01051 SEC P**

**VERSUS**                             **JUDGE DAVID C. JOSEPH**

**JAMES M. LEBLANC, ET AL**            **MAGISTRATE JUDGE AYO**

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Leonard E. Blackburn, who is proceeding *pro se* and *in forma pauperis*. Blackburn is incarcerated at the BB Rayburn Correctional Center in Angie, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. Blackburn must amend his complaint to address the deficiencies described below.

### I.  BACKGROUND

Blackburn makes various complaints against numerous defendants. He asserts a claim of defamation against staff at Rayburn who have been "engaging in a systematic and retaliatory campaign against him behind a false label of 'dangerous escapee," thereby resulting in damage to his reputation. (Rec. Doc. 1-1 at 3). He alleges that, as a result of this defamation, Tiffany Harris (whose position is stated) delayed his placement testing for education classes and that he had still not been placed in a class.

He next asserts claims related to his legal mail. He complains that staff at Rayburn opened and made copies of his legal mail prior to delivering it to him. (*Id*. at 4). Moreover, he alleges that staff intentionally held a "missive" written to his attorney in April 2022 before finally mailing it in July 2023. He contends that this delay adversely affected his ability to make a collateral attack on his state criminal case.

Blackburn complains that due to the "false label of dangerous escapee," Lt. Col. Wade Rigdon denied his request for a job/custody status change. (*Id.* at 5). He also complains that this false label subjected him to certain restrictions, which were not cured through his annual assessment.

He complains that he is intentionally being denied presentence jail credits from his arrest to his sentencing date, in violation of his due process rights. (*Id.* at 6).

Through the instant complaint, Blackburn also alleges a failure to protect/failure to provide safe custody on the part of Cdt. Freeman, Cdt. Kelly Hartley and Lt. Larry Daigle. Specifically, Blackburn alleges that on February 3, 2023, at 9:30 p.m. he was attacked by a fellow inmate. (*Id.* at 7). On that date, the inmate came into Blackburn's bed area during bed count and attacked him. Blackburn asserts that Cdt. Freeman witnessed the inmate approach him using loud, abusive and threatening language toward him prior to the physical altercation but did nothing to stop it. The allegations against Lt. Larry Daigle appear to stem from Daigle's failure to supervise Freeman and Hartley. He makes no specific allegation against Hartley.

Blackburn makes claims regarding visitors at Rayburn. Specifically, he alleges that Dorothy Williams and Carolyn Mingo were approved to visit him. However, during the months of October and November 2022, Williams was denied visitation with no notice to Blackburn. As a result of her disappointment regarding her failed attempt to visit, Williams no longer desires to visit Blackburn. Furthermore, in December 2022, Mingo was made to wait for a table despite being processed first. Again, in March 2023, Mingo was made to wait for over an hour to see Blackburn. She made a complaint to Major Dillon about "the way our time frame and unprofessional way our picnic was handled." (*Id.* at 9).

Finally, Blackburn complains that he was placed in Administrative Segregation without Lt. Daigle or Cpt. Herbert conducting a proper investigation to ensure that

Blackburn's due process rights were protected. He alleges that his placement in segregation was based on a disciplinary report comprised of incomplete facts about a physical altercation between Blackburn and other prisoner.

## II. LAW & ANALYSIS

### A. Frivolity Review

Blackburn has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law;

that is, that the defendant was a government actor. *West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV.. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend to comply with Rule 8 with respect to named defendants Lasonda Luper, Jane Doe and John Doe.

### D. Interference with Outgoing Legal Mail

Blackburn alleges that Rayburn's mail room "intentionally withheld/delayed his legal missive to his attorney Ravi G. Shan, resulting in unfavorable results concerning his criminal defense strategy to make a collateral attach [sic] on Criminal Case #21-CR3-147085." (Rec.

Doc. 1-1 at 4). He asserts that the withdrawal request receipt for postage was processed on April 28, 2022, but the mail was held until July 27, 2022. *Id*.

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech—i.e., the right to be free from unjustified governmental interference with communication." *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993), *cert. denied*, 510 U.S. 1123 (1994).

However, in order to state a claim based on delay or interference with the mail, or that the prisoner was denied his right of access to the courts, a plaintiff must show actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). Blackburn should amend to describe the injury or prejudice that resulted from the alleged delay in the outgoing legal mail to his criminal attorney.

### E. Failure to Protect

Blackburn also makes an allegation of failure to protect/failure to provide safe custody on the part of Cdt. Freeman, Cdt. Kelly Hartley and Lt. Larry Daigle. Specifically, Blackburn alleges that on February 3, 2023, at 9:30 p.m., he was attacked by a fellow inmate. (Rec. Doc. 1-1 at 7). On that date, the inmate came into Blackburn's bed area during bed count and attacked him. Blackburn asserts that Cdt. Freeman witnessed the inmate approach him, using loud, abusive and threatening language toward him prior to the physical altercation but did nothing to stop it. The allegations against Lt. Larry Daigle appear to stem from Daigle's failure to supervise Freeman and Hartley. Blackburn makes no specific allegation against Hartley. He also only names Daigle as a defendant in this suit.

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994). However, not every injury suffered by one

prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id.* at 1977. In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id.* at 1981-83. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." *Id.* at 1979.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

To the extent that a plaintiff is suing governmental officials in their individual capacities, he must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions. The plaintiff must allege specific facts giving rise to a constitutional violation. *Id.* (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

Blackburn must amend to allege facts indicating that the named defendants each had specific knowledge that he faced a substantial risk of harm by the inmate that attacked him. He should state facts which indicate that each defendant acted wantonly or recklessly and with deliberate indifference. What was happening just prior to the attack? Did each

defendant have prior knowledge of the attack? How long did the attack last? What prompted the attack to end?

Blackburn's amendment should comply with Rule 8, describing what actually occurred or what Cdt. Freeman, Cdt. Kelly Hartley and Lt. Larry Daigle each did to violate his rights as well as the alleged injury sustained as a result and whether he intends to bring suit against Freeman, Hartley and Daigle.

### III. CONCLUSION

Blackburn must amend his complaint to address the deficiencies described above, and to dismiss the claims and/or parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Blackburn at his last address on file.

**IT IS ORDERED** that Blackburn amend his complaint within **forty (40) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Pettieway is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 1st day of November, 2024.

_____
David J. Ayo
United States Magistrate Judge